780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
ROOSEVELT MOORE, Petitioner-Appellant,
v.
H. GARY WELLS, Respondent-Appellee.
 85-1404
 United States Court of Appeals, Sixth Circuit.
 11/26/85
 
 AFFIRMED
 W.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MARTIN and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from denial of a state prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The petitioner was convicted in 1971 of felony murder for the shooting death of a liquor store owner during the commission of a burglary. The Michigan Court of Appeals affirmed the conviction in 1974 and subsequently denied petitioner's delayed application for leave to appeal as did the Michigan Supreme Court in 1981. This process was repeated in 1983 and 1984, following which Moore filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan.
 
 
 2
 On appeal Moore makes two arguments which are related. At the trial the prosecutor in examining a police officer witness asked the officer to describe a preliminary examination. Defense counsel then objected and requested the trial judge to explain to the jury what a preliminary hearing was. The trial judge correctly advised the jury that a preliminary hearing inquired into the question of whether a crime had been committed and, if so, whether there was probable cause to believe that the defendant committed the crime. On his state appeal and in this habeas corpus action Moore contends that the description by the trial court of the purpose and required findings at a preliminary hearing violated the law of Michigan and impermissibly shifted the burden of proof to the defendant in a manner held unconstitutional by the Supreme Court in In Re Winship, 397 U.S. 358 (1970). Moore also contended and continues to maintain that the failure of his trial counsel to object to the trial court's explanation of the preliminary hearing constituted ineffective assistance of counsel. He also contends that other omissions by his counsel deprived him of the constitutionally guaranteed right to effective counsel.
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the statement of the trial judge did not impermissibly shift the burden of proof to the defendant. There was nothing in the statement which would have left the jury with the impression that in order to convict Moore it could rely on anything less than proof beyond a reasonable doubt. The mere fact that the jury knew that a finding of probable cause was equired to hold a person for trial did nothing to dilute the clearly stated doctrine of presumption of innocence and the requirement for conviction of proof beyond a reasonable doubt. In this habeas corpus proceeding it is irrelevent that Michigan courts had earlier held the divulgence of such information improper. The Michigan Court of Appeals and the Michigan Supreme Court had ample opportunity in the appeals of Moore's conviction to determine whether the brief episode during his trial now relied upon violated Michigan law. Neither of these appellate courts saw fit to reverse the conviction on the basis of a violation of state law.
 
 
 4
 We have examined the performance of Moore's trial counsel and his appellate counsel in the state courts in light of the standards set forth by the Supreme Court of the United States in Strickland v. Washington, 104 S. Ct. 2052 (1984), and have determined that Moore was not denied effective assistance of counsel.
 
 
 5
 The judgment of the district court is affirmed.